IN SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| AMA LEE<br>8505 Cameron Street<br>Silver Spring, MD 20910<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>600 5th Street NW<br>Washington, D.C. 20001<br>SERVE: Patricia Y. Lee, Esq.<br><br>    and<br><br>LUXURY CARS DC LLC<br>6120 Hibbling Avenue<br>Springfield, VA 22150<br>Serve: Predrag Radivojevic<br><br>    Defendants. | Case No. |

## COMPLAINT

COMES NOW the Plaintiff, Ama Lee, by and through her attorneys, Matthew Tievsky, Esq., and the law firm of Chaikin, Sherman, Cammarata & Siegel, P.C., and respectfully states as follows:

### COUNT I
(Negligence – Personal Injury – Defendant WMATA)

1.  This Court has jurisdiction over the within cause of action in that the incident at issue herein occurred in the District of Columbia, and pursuant to the Washington Metropolitan Area Transit Regional Compact, D.C. Code Section 9-1107.01, which provides that Defendant Washington Metropolitan Area Transit Authority (hereinafter "WMATA") is liable for its torts

and those of its directors, officers, employees, and agents, see id. art. XVI, § 80, and which establishes concurrent jurisdiction in this Court over actions brought against WMATA under the Compact, see id. art. XVI, § 81; D.C. Code § 9-1107.10.

2. On or about July 8, 2019, Plaintiff Ama Lee was a passenger on Metrobus No. 6467, in the District of Columbia.

3. At said time and place, an employee of Defendant Washington Metropolitan Area Transit Authority ("WMATA"), acting within the course and scope of her employment with WMATA, was operating the Metrobus owned by WMATA, proceeding on a roadway in the District of Columbia.

4. At said time and place, the Metrobus driver negligently operated the Metrobus so as to strike the rear of a second motor vehicle that was proceeding ahead of the Metrobus.

5. At all relevant times mentioned herein, WMATA, acting by and through its driver, owed a continuing duty to operate its vehicle in a reasonable and prudent manner with due regard for persons on the Metrobus, such as Plaintiff.

6. WMATA, acting by and through its driver, breached the duties owed to Plaintiff. The collision referred to herein was caused by the negligence of WMATA's driver who, inter alia, failed to maintain a proper distance between the Metrobus and the second vehicle, failed to pay full time and attention, failed to maintain a proper lookout, failed to operate the Metrobus at a safe and reasonable speed, failed to maintain control of the Metrobus, failed to operate the Metrobus so as to avoid a collision, and failed to obey the rules and regulations of the District of Columbia, then and there in full force and effect. At all times mentioned herein, Plaintiff was free of negligence and/or contributory negligence.

7. As a direct and proximate result of the driver's aforesaid negligence, Plaintiff suffered injuries and damages, including but not limited to post-traumatic headaches and insomnia; left ear hearing difficulty; strains of the cervical, dorsal, and lumbosacral spine; contusion and/or strain of the left shoulder; and contusion and patellofemoral compression injury of the left knee; she has incurred, and will continue to incur, medical and hospital expenses in an effort to care for her injuries; she has suffered, and will in the future suffer, a loss of earnings and/or earning capacity; and she has suffered, and will in the future suffer, great pain of body and mind; all of which may be permanent in nature.

### COUNT II
(Negligence – Personal Injury – Defendant Luxury Cars DC LLC)

Plaintiff repleads and incorporates by reference herein, each and every allegation set forth above, as if fully set forth herein, and further states as follows:

8. The second vehicle described *supra* was owned by Defendant Luxury Cars DC LLC (hereinafter "Luxury Cars"), and was being operated, with the consent of Defendant Luxury Cars, by a driver who was acting as an agent of Defendant Luxury Cars, within the scope of the agency.

9. Immediately prior to the collision, Defendant Luxury Cars' driver negligently, suddenly stopped his vehicle in the roadway without cause.

10. The sudden stop was a proximate cause of the collision described *supra*.

11. At all relevant times mentioned herein, Defendant Luxury Cars, acting by and through its driver, owed a continuing duty to operate its vehicle in a reasonable and prudent manner with due regard for other persons on the roadway, such as Plaintiff.

12. Defendant Luxury Cars, acting by and through its driver, breached the duties owed to Plaintiff. The collision referred to herein was caused by the negligence of Defendant

Luxury Cars' driver who, <u>inter</u> <u>alia</u>, failed to maintain a proper distance between their vehicle and the Metrobus, failed to pay full time and attention, failed to maintain a proper lookout, failed to operate their vehicle at a safe and reasonable speed, failed to maintain control of their vehicle, failed to operate their vehicle so as to avoid a collision, and failed to obey the rules and regulations of the District of Columbia, then and there in full force and effect. At all times mentioned herein, Plaintiff was free of negligence and/or contributory negligence.

WHEREFORE, Plaintiff Ama Lee demands judgment of and against Defendants Washington Metropolitan Transit Area Authority and Luxury Cars DC LLC, jointly and severally, in the amount of Seventy-Five Thousand Dollars ($75,000.00), plus pre-judgment interest and costs.

Respectfully submitted,

**CHAIKIN, SHERMAN, CAMMARATA & SIEGEL, P.C.**

/s/ Matthew W. Tievsky
Matthew W. Tievsky
1232 Seventeenth Street, N.W.
Washington, D.C. 20036
Tel: (202) 659-8600
Fax: (202) 659-8680
matthew@dc-law.net
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues triable herein.

/s/ Matthew W. Tievsky
Matthew W. Tievsky

4